UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                    DECISION AND ORDER

                                                    00-CR-6083L
                                                    06-CV-6046L

                    v.

JUMA SAMPSON,

                              Defendant.

_____

        Defendant, Juma Sampson ("Sampson"), was convicted after a jury trial of five counts involving narcotics and firearms offenses.  Sampson was sentenced to an aggregate term of 300 months.  Although some counts were later vacated by decision of the United States Court of Appeals for the Second Circuit, the 300 month sentence as not affected.

        Sampson then moved, *pro se,* to vacate the judgment on the grounds of ineffective assistance of counsel.  The grounds for the petition related generally to Sampson's now-claim that his trial attorney, Peter J. Pullano, Esq., failed to provide adequate assistance relative to a plea bargain offered by the Government.  Although Sampson apparently concedes that he knew of the offer, his contention is that Pullano should have been more aggressive in trying to convince him to take the plea offer.

Because I believe that the record needed some amplification, by order of October 7, 2008 (Dkt. #145), I directed the Government to obtain an affidavit from attorney Pullano concerning the matters at issue.  Familiarity with that decision is presumed.  Attorney Pullano did submit the requested affidavit, which was sworn to on December 8, 2008 (Dkt. #147).  Attached to it was a copy of the transcript of court proceedings on July 12, 2002, when both the Government and Pullano discussed, on the record, the plea offer and Pullano's recommendation that defendant take it and not proceed to trial.  (Transcript, July 12, 2002, p. 9).  Discussion, which I recall, occurred just prior to jury selection.  At that time, Sampson voiced no concern or requested no clarification and intended to proceed to trial.

In attorney Pullano's affidavit and the transcript of July 12, 2002, completely undercuts Sampson's claim here that his is ineffective.  Pullano's affidavit and the transcript indicate clearly that Sampson knew that he faced a minimum sentence of 25 years if he were convicted; that Pullano had discussed it with him and had recommended that he take the offered plea.  Curiously, even Sampson concedes in his present *pro se* § 2255 petition, p. 5, that Pullano did advise him of the Government's offer.

Trial counsel can do only so much.  The several choices were, based on the record, presented to Sampson, and he elected to proceed to trial.  The fact that the trial result was not favorable to him does not warrant his second guessing after he made the choice.

For the record in the posture, there is no need for any hearing.  The record on the papers submitted on the petition clearly show that Sampson is entitled to no relief and there is no need for a hearing.  *See Chang v. United States,* 250 F.3d 79, 84-86 (2d Cir. 2001).

CONCLUSION

The petition to vacate the judgment, brought pursuant to 28 U.S.C. § 2255, is dismissed.

Because Sampson has failed to demonstrate any constitutional violation, I deny a certificate

of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        March 25, 2009.