UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                     Plaintiff,

                                                                    <u>DECISION AND ORDER</u>

                                                                    00-CR-6083L

                v.

JUMA SAMPSON,

                                     Defendant.
_____

By Decision and Order filed May 14, 2010 and filed as a Mandate in this Court on May 17, 2010 (Dkt. #150), the United States Court of Appeals for the Second Circuit decided Juma Sampson's ("Sampson") motion for a certificate of appealability ("COA") from this Court's decision and order (Dkt. #148) denying Sampson's motion to vacate the judgment pursuant to 28 U.S.C. § 2255. As to the ineffective-of-assistance claim discussed by this Court in its decision concerning attorney Peter Pullano, the Court of Appeals denied a COA and dismissed that part of the appeal.

The Second Circuit did, however, remand the case to this Court to consider Sampson's claim that one of his prior attorneys, Mark D. Hosken, Assistant Federal Public Defender, provided ineffective assistance of trial counsel by allegedly failing to advise Sampson of a ten-year plea offer. The Court of Appeals also directed the District Court to consider two issues raised by Sampson for

the first time in his motion for a COA, that is, whether *United States v. Williams,* 558 F.3d 166 (2d Cir. 2009) applies retroactively to cases on collateral review and whether Sampson is entitled to resentencing by virtue of that case.

In light of the above, and Sampson's claim that attorney Hosken provided ineffective assistance of counsel, the attorney-client privilege between Hosken and Sampson no longer applies, at least relative to the issue before the Court, and Hosken should provide evidence on the claim made by Sampson that Hosken failed to advise him of the "plea offer."

I direct the Government to take steps to contact attorney Hosken to make arrangements for the submission of an affidavit and because an Assistant United States Attorney must have been involved in the process as well, an affidavit from that attorney should also be submitted. When the Court has received those materials, it will determine if a factual hearing is necessary and if counsel need be appointed for Mr. Sampson.

The Government should also respond to the new matters raised by the Second Circuit concerning its *Williams* decision. I direct the Government to respond to this order within thirty (30) days of its entry.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 23, 2010.