UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           Plaintiff,

                                                                           <u>DECISION AND ORDER</u>

                                                                            00-CR-6083L

                v.

JUMA SAMPSON,

                           Defendant.
_____

       This case is once more before the Court. Juma Sampson ("Sampson") was convicted after trial in July 2002, and was sentenced to a 300 month term of imprisonment in February 2003. On appeal, the Judgment on some counts was vacated but the Second Circuit otherwise affirmed the conviction and left intact the sentence imposed. 385 F.3d 183 (2d Cir. 2004).

       Thereafter, Sampson, moved, *pro se,* to vacate the Judgment on the grounds of ineffective assistance of counsel. This Court denied that petition in a Decision dated March 25, 2009, and denied Sampson's petition for a certificate of appealability. Sampson appealed to the Second Circuit and moved for a certificate of appealability, which was granted in part and denied in part. The Second Circuit denied the petition relative to Sampson's claim of ineffective assistance of counsel as to attorney Peter J. Pullano, Esq. The Second Circuit did grant a certificate of appealability, though, and remanded to this Court to consider whether Sampson's prior counsel, Mark D. Hosken, provided ineffective assistance because of his alleged failure to advise Sampson of a beneficial plea offer. The Second Circuit also remanded to this Court to consider whether Sampson should have the benefit of the then-recent Second Circuit decision in *United States v. Williams,* 558 F.3d 166 (2d Cir. 2009) dealing with consecutive sentences for convictions under 18 U.S.C. § 924(c).

Pursuant to the remand of the Second Circuit, this Court issued an Order on June 23, 2010, directing the Government to obtain an affidavit from Sampson's prior counsel, Hosken, as well as the prosecutor handling the case. Those affidavits were filed on July 22, 2010 (Dkt. #152). Thereafter, Sampson filed a document entitled "Memorandum of Law in Support of Claims Presented in § 2255 Motion" (Dkt. #154), with attachments. The prosecutor submitted a supplemental affidavit on January 20, 2011. The matter is now before the Court for decision.

DISCUSSION

After reviewing the affidavits submitted by both the prosecutor, Assistant United States Attorney Bret Puscheck, and defense counsel, Mark Hosken, I find that Sampson's claim of ineffective assistance of counsel is without merit, and his petition for relief is denied.

Sampson earlier made a similar claim against his trial counsel, Peter Pullano. After receiving affidavits from Pullano and the prosecutor, I denied the claim in my March 25, 2009 decision which was later affirmed by the Second Circuit. There, it was clear from court proceedings that Sampson had received an offer of a 15-year sentence, based on a guilty plea, which Sampson rejected on the record before me just prior to trial.

Now, for the first time before the Second Circuit on Sampson's application for a certificate of appealability, Sampson claims that another one of his attorneys, Mark Hosken, failed to advise him of an alleged 10-year plea offer. There is no basis for relief. Both Hosken and AUSA Puscheck have submitted detailed affidavits (Dkt. ## 152, 152-2, 155) which clearly established that there was never a 10-year offer made by the prosecutor to Sampson. There was nothing for Hosken to relay to his client.

Hosken was one of three lawyers who represented Sampson *seriatim*. Hosken represented him through pretrial proceedings for about eight months. Hosken's affidavit stated that he never advised Sampson of a 10-year plea offer because none was ever made by the prosecutor. After

reviewing his file, there were no notations, notes or other matters which would normally be there had any plea offer been made.

Hosken also indicated that although he discussed pursuing a plea deal with Sampson, Sampson was interested in proceeding to trial, made it clear that he was not interested in plea negotiations, and directed Hosken to file motions. (Dkt. #152-2, ¶ 6).

That sequence is consistent with Sampson's later interaction with attorney Pullano who stated on the record on July 12, 2002, just before trial, that the Government had offered a 15-year deal which Pullano recommended and yet Sampson stated his desire to proceed to trial. (Transcript of July 12, 2002, p. 9).

The prosecutor, AUSA Puscheck, submitted two affidavits on the matter (Dkt. ## 152, 155). He confirms attorney Hosken's report that the Government never made an offer to Hosken of a plea deal. (Dkt. #152, ¶ 5). Nothing in his file indicates any correspondence, notation or approval of any plea offer.

Sampson in his submission focused on AUSA Puscheck's reference at the sentencing on February 24, 2003, to a potential plea to 10 years. (Sampson's Memorandum, Ex. A, p. 18 [Dkt. #154]). It is clear based on the context of the comments at sentencing and Puscheck's supplemental affidavit that the potential 10-year deal was suggested not by the prosecutor but by Hosken. It was flatly rejected by Puscheck.

Puscheck also recalled that the context was that Hosken doubted that Sampson would ever take such a plea even if it had been offered. (Dkt. #155, ¶ 5). That adequately explains Puscheck's later reference to the matter at sentencing. Sampson had, according to both Pullano and Hosken, rejected talks of plea negotiations and decided to proceed to trial. Having elected that course, Sampson should not be heard now to claim entitlement to any relief.

The record is clear that Sampson's belated claim of ineffective assistance of counsel by Hosken is without merit and there is no need for further proceedings or any hearing. *Amr v. United States,* 280 Fed. Appx. 480, 485-86 (6th Cir. June 2, 2008); *Chang v. United States,* 250 F.3d 79, 84-

86 (2d Cir. 2001); *United States v. Robles-Pantoja,* 1994 WL 171699 *2 (5th Cir. April 28, 1994).

In its remand decision of May 14, 2010, the Second Circuit directed this Court to consider whether Sampson should receive the benefit of that Court's decision in *United States v. Williams,* 558 F.3d 166 (2009). The rationale for that decision was, however, subsequently rejected by the United States Supreme Court in *Abbott v. United States,* ___U.S. ___, 131 S. Ct. 18 (2010), and, therefore, Sampson is not entitled any relief under *Williams*.

CONCLUSION

I deny defendant, Juma Sampson's, claim that he received ineffective assistance of counsel at the hands of attorney Mark D. Hosken. Furthermore, I conclude that Sampson is not entitled to resentencing and is not entitled to receive any benefit relating to the decision in *United States v. Williams,* 558 F.3d 166 (2d Cir. 2009).

I also deny any certificate of appealability because Sampson has failed to make a substantial showing of a denial of a constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 25, 2011.