UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

JUMA SAMPSON,

           Defendant.

_____

<u>DECISION AND ORDER</u>

00-CR-6083L

  On July 25, 2002, following a jury trial, defendant Juma Sampson was convicted on five counts of an indictment, charging him with various drug and firearms offenses. (Dkt. #80.) The Court subsequently sentenced defendant to a term of imprisonment of 240 months (20 years), plus a consecutive term of 60 months (5 years), for an aggregate sentence of 300 months. (Dkt. #115.) The Court also sentenced defendant to a ten-year term of supervised release. That sentence was based in part on certain mandatory minimums imposed by statute at the time of defendant's sentencing.[1]

  Following defendant's conviction, Congress passed, and the President signed, the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). In 2018, the Congress passed, and the President signed into law, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194,

---

[1] Although in otherwise affirming defendant's conviction, the Second Circuit vacated two counts, the aggregate 300-month sentence was unaffected by the Second Circuit's decision.

which made retroactive some provisions of the Fair Sentencing Act. *See United States v. Tucker*, __ F.Supp.3d __, 2019 WL 324423, at *1 (S.D.Iowa 2019).

Based on those statutes, defendant has moved for an order reducing his sentence to a total of 123 months' imprisonment, and a six-year period of supervised release. Since defendant has now been in custody for over 224 months, that would result in his immediate release from incarceration.

The Government agrees that the First Step Act is applicable here, and that defendant is entitled to release. The Government states that defendant's term of imprisonment should simply be reduced to time served. (Dkt. #178.)

In light of the enactment of the First Step Act ("Act") and the defendant's motion, the Probation Office has prepared a Supplemental Presentence Report. In that report, the Probation Office concurs that the defendant is entitled to the benefit of the First Step Act. The Probation Office calculates that defendant's statutory exposure and Sentencing Guideline range is 180 months.

Defendant has now served approximately 224 months, and has earned several months of good time credit. The defendant, the Government and the Probation Office all agree that the First Step Act does apply to the defendant and that he is entitled to immediate release from custody. The Court likewise agrees that the First Step Act and the Fair Sentencing Act apply here, and that defendant is entitled to immediate release.

Although the parties agree on the ultimate result (which is probably all that matters to the defendant), they disagree on several matters relating to motions filed pursuant to the Act. Congress has not provided much of a roadmap for implementing the Act. *See ESP Insider Express* (U.S. Sentencing Comm'n Office of Education & Sentencing Practice, Feb. 2019) (stating that "[c]ourts

will have to decide" certain issues concerning the effect of the First Step Act). Hence, the parties are at loggerheads in several respects.

The Government and the Probation Office believe that the proper statutory vehicle for implementing the Act is 18 U.S.C. § 3582(c)(2), which provides that the court may reduce the term of incarceration of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The defendant disagrees, and argues that the relevant statute is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." The practical effect of choosing one or the other subsection would be to determine the extent to which this Court can modify defendant's sentence: specifically, whether the Court should simply recalculate the defendant's Guideline sentence, or in effect wipe the slate clean and conduct an entirely new sentencing.

In addition, the defendant asserts that because, in his view, he is entitled to a plenary resentencing proceeding, the defendant has a right to be present. The Government and the Probation Office disagree with that assertion. Since defendant has executed a waiver of his presence for this proceeding, the Court need not decide that issue.

Finally, the defendant seeks a specific "new" sentence of 123 months. The Government and the Probation Office contend that a sentence of "time served" is all that is required.

District courts across the country have been dealing with these issues, in the wake of the enactment of these statutes. In a very recent decision, Judge William M. Skretny of this district ruled that a motion for reduction of sentence in similar circumstances properly fell under § 3582(c)(1)(B),

and that the defendant's presence was not required for the Court to impose a reduced sentence under that section. *United States v. Davis*, 07-CR-245, 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019).

The legal issues raised by the parties may need to be resolved at some point, but they need not all be decided *now*, in this case. Though the Court could perhaps direct further briefing and argument, that would only serve to delay Sampson's release–a release that all agree should be prompt.

While Judge Skretny concluded in *Davis* that § 3582(c)(1)(B) was the appropriate vehicle for relief, the crux of the dispute in *Davis* does not appear to have been about choosing between (c)(1)(B) and (b)(2). The chief dispute was about the scope of proceedings permitted under the First Step Act: whether a full resentencing was required, or whether a simple modification of sentence would suffice.

I agree with Judge Skretny that a full resentencing is neither required nor called for. As stated in *Davis*, the First Step Act "contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted. Nowhere does the Act expressly permit [a] plenary resentencing or sentencing anew ... ." 2019 WL 1054554, at *2.

To the extent that defendant seeks a formal resentencing, therefore, to a specified term of 123 months' imprisonment, his motion is denied. The appropriate remedy is simply to reduce defendant's sentence to the time he has already served. *See id.* at *3 (reducing defendant's sentence to time served); *United States v. Laguerre*, No. 02-cr-30098, 2019 WL 861417, at *3-*4 (W.D.Va. Feb. 22, 2019) (setting forth several reasons for not reducing defendant's sentence below time served, including not allowing a defendant to "bank time" with respect to possible future offenses)

(citing cases); *United States v. Tucker*, __ F.Supp.3d __, 2019 WL 324423, at *2 (S.D.Iowa 2019) (reducing sentence to time served); *see also* U.S.S.G. § 1B1.10(b)(2)(C) (stating, with respect to a reduction under 18 U.S.C. § 3582(c)(2), that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served"). I also agree with the Probation Office that the appropriate term of supervised release is eight years for Count 3, and that the five- and six-year terms imposed on Counts 4 and 5, respectively, are unaffected by the Fair Sentencing and First Step Acts. *See* 21 U.S.C. §§ 841(b)(1)(B), 851; U.S.S.G. § 5D1.2(c).

The Government requests that defendant's release from custody be stayed for ten days, to allow the Bureau of Prisons "adequate time to process the defendant for release." Government's Response (Dkt. #178) at 8. That request is denied. While it is reasonable to expect *some* time to be required for paperwork and the like, defendant's release must be effectuated forthwith, and as quickly as is practicable.

Based on the Fair Sentencing Act and the First Step Act, the Court therefore grants defendant's motion, as set forth in the Conclusion of this Order.

## CONCLUSION

Defendant Juma Sampson's motion for reduction of his sentence under § 404 of the First Step Act (Dkt. #175) is granted. The Court hereby reduces defendant's term of incarceration to time served, and his term of supervised release on Count 3 to eight (8) years. In all other respects, his original sentence remains unchanged.

The United States Probation Office is hereby directed to prepare a new, amended Judgment and Conviction reflecting the terms of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　March 13, 2019.